IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAWN ANDREW CRABTREE,

        Petitioner,

   v.

SUSAN WASHBURN,

        Respondent.

Case No. 2:21-cv-00284-HZ

OPINION AND ORDER

Shawn Andrew Crabtree
7953082
Eastern Oregon Correctional Institution
2500 Westgate
Pendleton, OR 97801-9699

    Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Nick M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of a decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") dated May 16, 2017. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On April 18, 1996, Petitioner's wife's dead body was discovered in a remote area of Estacada, and the Oregon State Medical Examiner determined she had been murdered via strangulation. Respondent's Exhibit 103, p. 8. Following an investigation, on September 12, 1997, Petitioner entered a no-contest plea to murder. Consistent with ORS 163.115(5) (1995), the trial court sentenced him to an indeterminate life sentence with the possibility of parole once he completed serving 25 years in prison. Respondent's Exhibit 101, p. 21.

On May 16, 2017, the Board issued its first Board Action Form in which it advised Petitioner that he would be eligible for a "murder review hearing" on or after April 26, 2021. It explained, "Any time after 25 years from the beginning of his confinement (4/26/2021), the Board of Parole, upon petition, shall hold a hearing to determine if the prisoner is likely to be rehabilitated within a reasonable period of time." Respondent's Exhibit 103, p. 30.

On the same day the Board issued Board Action Form #1, Petitioner filed for administrative review. He claimed that the Board did not have legal authority over his release because,

2 – OPINION AND ORDER

pursuant to the sentencing statutes in place at the time he committed his crime, his release was automatic after 25 years in custody. Respondent's Exhibit 103, pp. 32-34. The Board disagreed and denied the request for administrative relief. Petitioner took a judicial review of this denial, but the Oregon Court of Appeals affirmed the Board's decision without issuing a written opinion and the Oregon Supreme Court denied review. *Crabtree v. Board of Parole and Post-Prison Supervision,* 301 Or. App. 636, 454 P.3d 857 (2019), *rev. denied* 366 Or. 382, 462 P.3d 728 (2020).

On February 22, 2021, Petitioner filed his Petition for Writ of Habeas Corpus in which he raises three grounds for relief:

> (1) Although Petitioner committed his crime in 1996, the Board retroactively applied the 1999 version of ORS 163.115 and Oregon Administrative Rules from 2003 to significantly increase the length of his incarceration;
>
> (2) The Board violated the *Ex Post Facto* Clause of the U.S. and Oregon Constitutions when it retroactively applied the 1995 version of ORS 163.115 to his sentence, a statute that was ambiguous and was not judicially validated until 1998, thereby effectively subjecting him to a harsher sentence than the one to which the trial court had sentenced him; and
>
> (3) The Board violated the *Ex Post Facto* Clauses of the U.S. and Oregon Constitutions when it retroactively applied a 2015 administrative interpretation of sentencing possibilities to recompute his sentence to

3 – OPINION AND ORDER

>      require life imprisonment with only the
>      possibility of release on parole.

Petition for Writ of Habeas Corpus (#2), pp. 1-4. Respondent asks the Court to deny relief on the Petition because Petitioner failed to preserve Grounds One and Three for habeas corpus review, and because the Board did not unreasonably apply clearly established federal law when it denied relief on Ground Two.

## DISCUSSION

### I. Exhaustion and Procedural Default

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally

4 – OPINION AND ORDER

defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

When Petitioner filed for judicial review of the Board's administrative denial, he filed an Appellant's Brief in the Oregon Court of Appeals in which he raised a single claim. He asserted that at the time he murdered his wife in 1996, "then-existing case law had declared the sentence for murder to be 25 years' imprisonment followed by lifetime post-prison supervision. Then, in 1998, a court decision announced that the sentence for murder was an indeterminate life sentence with a minimum of 25 years' imprisonment." Respondent's Exhibit 104, p. 6. He therefore argued that requiring him to serve an indeterminate life sentence violated his right to be free from *ex post facto* punishment. This claim corresponds to Ground Two of the Petition for Writ of Habeas Corpus. Because Petitioner did not raise the claims within Grounds One or Three during his judicial appeal, he failed to fairly present those issues to

5 – OPINION AND ORDER

Oregon's state courts. Because the time for doing so passed long ago, the claims are now procedurally defaulted.

## II. The Merits

### A. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable

6 – OPINION AND ORDER

application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

When, as here, a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the federal court independently reviews the record, it still lends deference to the state court's ultimate decision and will only grant habeas relief if the state court's decision was objectively unreasonable. *Richter,* 562 U.S. at 98; *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

B. **Analysis**

Three years before Petitioner committed his crime, the Oregon Supreme Court determined that Oregon's enactment of its sentencing guidelines in 1989 impliedly repealed the indeterminate life sentence for murder set forth in the 1993 version of ORS 163.115(3). The Oregon Supreme Court did so because it found it difficult to reconcile the indeterminate life sentence required by the statute with the 120 to 269-month determinate sentence required for the same crime under the new

7 – OPINION AND ORDER

sentencing guidelines. *State v. Morgan*, 316 Or. 553, 856 P.2d 612 (1993). As a result of the *Morgan* decision, Oregon's appellate courts "vacated a number of life sentences and remanded for imposition of determinate terms followed by post-prison supervision for life." *State v. Francis*, 154 Or. App. 486, 489, 962 P.2d 45 (1998), *rev. denied,* 327 Or. 554 (1998).

In 1995, one year before Petitioner committed his crime, the Oregon Legislature amended and renumbered ORS 163.115. The 1995 amendment provided that a person (at least 15 years of age) who was convicted of murder must be sentenced to an indeterminate sentence of life with the possibility of parole only after serving 25 years in custody. ORS 163.115(5) (1995).

In 1998, the Oregon Court of Appeals had occasion to address the validity of ORS 163.115(5) (1995). In *Francis,* the defendant committed a murder in 1996 leading to an indeterminate life sentence with the possibility of parole after 25 years based on ORS 163.115(5) (1995). The defendant argued that his sentence must be vacated because the 1995 statute was inconsistent with the Oregon Supreme Court's decision in *Morgan*. The Oregon Court of Appeals denied relief, interpreting the Legislature's 1995 amendment as clearly and unambiguously expressing an intent to impose an indeterminate life sentence for murder and having "the effect of reviving and reenacting ORS 163.115(5)(a)." *Francis,* 154 Or. App. at 491.

As Ground Two, Petitioner alleges that the Board violated the *Ex Post Facto* Clause of the U.S. Constitution when it

8 – OPINION AND ORDER

retroactively applied the *Francis* holding to him.[1] The claim he raised in Oregon's state courts and, thus, the only claim preserved for federal habeas corpus review, is that at the time he committed his murder the Oregon Supreme Court had declared the indeterminate life sentence portion of ORS 163.115 to be invalid. He reasons that it was not until 1998, when the Oregon Court of Appeals "validated" the Legislature's 1995 amendment in *Francis*, that he was put on notice that he could be subject to the indeterminate life sentence he is currently serving.

The *Ex Post Facto* Clause prohibits states from enacting laws which, by retroactive operation, increase the punishment for a crime after its commission. *Garner v. Jones*, 529 U.S. 244, 250 (2000). A law violates the *Ex Post Facto* Clause if: (1) it "appl[ies] to events occurring before its enactment," *Weaver v. Graham*, 450 U.S. 24, 29 (1981); and (2) "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Calif. Dep't. of Corr. v. Morales*, 514 U.S. 499, 504 (1995). There is no *ex post facto* violation if it "creates only the most speculative and attenuated risk of increasing the measure of punishment attached to the covered crimes." *Id* at 513.

At the time Petitioner murdered his wife in 1996, ORS 163.115(5) (1995) specifically provided for a life sentence with the possibility of parole after 25 years; it did not, by its terms, purport to impose a determinate 25-year sentence. The

---

[1] Petitioner's claim that the Board's conduct violated the Oregon Constitution is not cognizable in a federal habeas corpus case. *See* 28 U.S.C. § 2254(a).

intent of this statute was clear, and the 1993 *Morgan* decision did not serve to invalidate a statute the Oregon Legislature had not yet passed into law. "Whether or not the old statute would in the future withstand constitutional attack, it clearly indicated [Oregon's] view of the severity of murder and of the degree of punishment which the legislature wished to impose upon murderers." *Dobbert v. Florida*, 432 U.S. 282, 297 (1977). ORS 163.115(5) (1995) therefore "provided fair warning as to the degree of culpability which the State ascribed to the act of murder." *Id.*

Where Petitioner's indeterminate life sentence with the possibility of parole after 25 years aligns with the sentence contemplated by ORS 163.115(5) (1995) and imposed by the trial court, his Ground Two claim lacks merit. Accordingly, upon an independent review, the Oregon Court of Appeals' decision denying relief on this claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

   August 1, 2022
      DATE

                            Marco A. Hernandez
                            United States District Judge